**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO**. 26mj08231-RMM

**UNITED STATES OF AMERICA**

**v.**

**FRANCISCO PEREZ-VELASCO,**

_____ **Defendant.** _____/

FILED BY_____MEE_____D.C.

Mar 26, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)?     NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?    NO

3. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   NO

4. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   NO

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: _Justin Chapman_
Justin Chapman
Assistant United States Attorney
FL Bar No. 85778
United States Attorney's Office
500 S. Australian A venue #400
West Palm Beach, Florida 33401
(561) 209-1022
Justin.chapman4@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Francisco Perez-Velasco,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) |

Case No.   26mj08231-RMM

FILED BY_____MEE_____D.C.

Mar 26, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 12, 2024_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. § 1326(a) | Illegal re-entry into the United States after deportation or removal |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ofc. Luis Camacho, ICE
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1

Date: 3/26/26

_____
*Judge's signature*

City and state:   _____West Palm Beach, FL_____   Hon. Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**
**OF**
**LUIS CAMACHO**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**IMMIGRATION AND CUSTOMS ENFORCEMENT**

I, Luis Camacho, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over ten years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Francisco PEREZ-VELASCO committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

3. On or about December 12, 2024, Francisco PEREZ-VELASCO was arrested in Palm Beach County, Florida on charges of driving under the influence and driving without a valid driver's license. He was booked and detained at the Palm Beach County Jail. On or about December 13, 2024, Francisco PEREZ-VELASCO was released from custody on his own recognizance prior to ICE taking any action.

4. On or about March 25, 2026, Francisco PEREZ-VELASCO was arrested in Palm Beach County, Florida on the charge of driving under the influence with damage to property and driving without a valid driver's license. He was booked and detained at the Palm Beach County Jail.

5. A review of the immigration records shows that Francisco PEREZ-VELASCO is a native and citizen of Guatemala. Records further show that on or about August 1, 2017, Francisco PEREZ-VELASCO was ordered removed from the United States. The Order of Removal was executed on or about August 23, 2017, whereby Francisco PEREZ-VELASCO was removed from the United States and returned to Guatemala.

6. Records further show that on or about July 29, 2017, in the United States District Court, Western District of Texas, Francisco PEREZ-VELASCO was convicted of the misdemeanor offense of illegal entry, in violation of Title 8, United States Code, Section 1325(a)(1), case number 17-M-01134.

7. Francisco PEREZ-VELASCO's fingerprints taken in connection with his December 12, 2024, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is Francisco PEREZ-VELASCO.

8. A record check was performed in the Computer Linked Application Informational Management System to determine if Francisco PEREZ-VELASCO filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Francisco PEREZ-VELASCO obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

9. Based on the foregoing, I submit that probable cause exists to believe that, on or about December 12, 2024, Francisco PEREZ-VELASCO, an alien who has previously been deported and removed from the United States, was found in the United States without having

received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Luis Camacho
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 26 day of March 2026.

_____
HONORABLE RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: FRANCISCO PEREZ-VELASCO

**Case No**:      26mj08231-RMM

Count #: 1

Illegal re-entry into the United States after deportation or removal

Title 8, United States Code, Section 1326(a)

* **Max. Term of Imprisonment**:   up to 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** up to 1 year
* **Max. Fine:** up to $250,000
* **Special Assessment:** $100 upon conviction

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**